IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANNON BARNHART,

    Plaintiff,

    v.

FASTAX INCORPORATED, d/b/a
JACKSON HEWITT TAX SERVICE
#0975,

    Defendant.

Civ. No. 6:14-cv-00482-MC

OPINION AND ORDER

**MCSHANE, Judge:**

    Following this Court's denial of Plaintiff Shannon Barnhart's Motion for Class Certification, ECF No. 24, Plaintiff now seeks leave to amend to add a new class representative, Maxwell Fery. In the alternative, Mr. Fery moves to intervene. ECF No. 75.

    Because Mr. Fery cannot demonstrate a significantly protectable interest in this single-plaintiff action and because the resolution of Plaintiff Barnhart's claims will not affect Mr. Fery's proposed claims in his own individual action should he choose to bring one, this Court DENIES the alternative motions to intervene and amend.

## BACKGROUND

    This case was filed over two years ago, on March 25, 2014. ECF No. 1. Plaintiff's claims include alleged Fair Labor Standards Act ("FLSA") violations, Oregon Minimum Wage Act violations, breach of contract, unjust enrichment, defamation, and violations of Oregon's Uniform Trade Practices Act. Plaintiff sought to assert those claims on behalf of a class of

1 – OPINION AND ORDER

similarly situated individuals under both Federal Rule of Civil Procedure ("Rule") 23 and the FLSA, per 29 U.S.C. § 207.

Ms. Barnhart's claims arise from an employment agreement with defendant FasTax that she signed on December 17, 2012. In the agreement, Barnhart agreed to attend and perform certain tax preparer trainings. Between December 17 and 27, 2012, Barnhart spent approximately 30 hours working on ProFiler Efficiency Problems (PEP),[1] which she believed were part of her mandatory training. Barnhart did not complete all PEP or the remainder of the tax preparer training, including a series of online modules and a Tax Preparer Readiness Test (TPRT). On January 19, 2013, Barnhart missed her mandatory Policy and Procedure Training (P&P) and was considered to have abandoned her employment.

Plaintiff first moved to certify the class on February 29, 2015. ECF No. 25. That motion became fully briefed on April 5, 2015. The Court set over class certification pending resolution of a Motion for Summary Judgment, filed by FasTax on July 6, 2015. ECF No. 54. This Court granted the motion in part with respect to Barnhart's claim she was an "employee" and entitled to wages while attending a tax certification school. The Court denied the remainder of FasTax's motion for summary judgment.

On September 25, 2015, Plaintiff renewed her motion to certify by filing a "Sur-Response of Plaintiff to Motion to Certify." ECF No 63. FasTax filed a "Sur-Reply in Opposition" to the motion. ECF No 66. This Court heard oral argument on all arguments related to class certification on December 4, 2015. ECF No. 69.

On December 17, 2015, this Court issued an Opinion & Order denying Plaintiff's motion to certify an FLSA opt-in collective action after finding that she did not carry her burden of showing that she is similarly situated to putative collective action members. ECF No. 70. The

---

[1] PEP are practice tax returns created by FasTax. *See* Decl. of David G. Hosenpud 7, ECF No. 47-1.

2 – OPINION AND ORDER

Court also found that Plaintiff's claim was not reasonably coextensive with absent class members and she therefore did not satisfy Rule 23's typicality requirement. In so deciding, the Court offered the following reasoning:

> Under Barnhart's proposed class definition, the putative class members could have theoretically completed all, none, or some of the three items—[ProFiler Efficiency Problems], online training modules, or the [Tax Preparer Readiness Test]—listed therein, which would drastically vary the total time dedicated by each putative class member. Those same members could have theoretically expected or received compensation for all, none, or some of the time spent on those items. Barnhart, by way of her own admissions, spent no time on two of the three items (online training modules and the TPRT) included in her class definition, and completed only a fraction of the total number of allegedly mandatory PEP. Barnhart additionally failed to attend a mandatory training that at least some putative class members attended. Beyond the questions and modules, the record reflects that a number of individuals who completed all items, including 25 or more PEP, did so voluntarily with no expectation of compensation, quoting that their completion of the PEP was "entirely optional" or "solely for their own benefit."

*Id.* at 6–7 (internal citations omitted).

On January 8, 2016, this Court held a scheduling conference during which it attempted to determine how the parties intended to proceed in light of the denial of certification. *See* Transcript, ECF No. 73. Plaintiff's counsel requested leave to seek a new class representative with the hope of resubmitting a motion for certification. *Id.* at 5–7. FasTax's counsel objected, asserting that allowing an attempt to certify using another class representative would be duplicative, cause undue delay, and result in prejudice. *Id.* at 7–8. The Court allowed the parties to submit briefing and the issue is now before me.

## **STANDARD**

To intervene as of right under Rule 24(a)(2), an intervening applicant is required to claim "an interest relating to the property or transaction which is the subject of the action" and the applicant must be "so situated that the disposition of the action may as a practical matter impair

or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998). An applicant seeking intervention as of right must meet four requirements by showing: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *U.S. v. City of L.A.,* 288 F.3d 391, 397 (9th Cir. 2002), quoting *Donnelly,* 159 F.3d at 409 (internal quotation marks omitted).

## DISCUSSION

### I.   Motion to Intervene as of Right under Rule 24(a)(2)

Plaintiff contends in support of the alternative motions that the "replacement of class representatives is routine and is accomplished by either intervention or amendment." Mot., 13, ECF No. 75. In making this assertion, Plaintiff quickly moves past the fact that this Court denied class certification and this case has accordingly been "stripped of its character as a class action." Advisory Committee's Note on 1966 Amendment to Rule 23, 28 U.S.C. App., p. 7767. Plaintiff attempts to explain this away by citing *Smith v. Bayer*, 564 U.S. 299 (2011), to emphasize that the Supreme Court has held that putative class members may forego intervention until certification has been ruled on, even if unfavorably. Reply, 9, ECF No. 82. Plaintiff does not explain enough, however, as she fails to mention that *Smith* and its progeny cases "were specifically grounded in policies of judicial administration, [and] demonstrate only that a person not a party to a class suit may receive certain benefits . . . related to that proceeding." *Smith*, 564 U.S. n.11. *Smith* did not act to overturn the bedrock principle that denial of class certification renders the action an individual suit.

In order for Mr. Fery to properly intervene as a matter of right such that he may attempt a second run at class certification, he must first demonstrate a significant protectable interest in the individual lawsuit at hand. *Donnelly*, 159 F.3d at 409. An applicant-intervenor can demonstrate that interest if: (1) the interest asserted is protected by law and (2) there is a relationship between the legally protected interest and the plaintiff's claims. *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). An applicant-intervenor generally satisfies the "relationship" requirement only if the resolution of the plaintiff's claims actually will affect the applicant-intervenor. *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003), citing *Donnelly*, 159 F.3d at 410.

As this Court has previously explained in detail, ECF No. 70 at 6, Plaintiff Barnhart's claims were not reasonably coextensive with those of absent putative class members when this action still maintained class characteristics, and she has made no showing that her claims would affect hypothetical claims that Mr. Fery would bring in his own lawsuit. Beyond that, because no class has been certified in this case, the resolution of Barnhart's claims will not prevent Mr. Fery from pursuing his own rights in a separate action should he choose to commence one. For these two reasons, Mr. Fery has failed to meet the "significant protectable interest" and "impairment" requirements of Rule 24(a)(2). While the parties argue the timeliness and adequacy factors at greater length than they do regarding these two factors, this Court need not devote that degree of effort in light of this outcome.

## II.    Alternative Motion to Amend under Rule 15

Regarding Plaintiff's alternative motion to amend to add a new party, Rule 15(a)(2) states that: "The court should freely give leave [to amend] when justice so requires." The propriety of a motion to amend is determined by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *Griggs v. Pace Am. Group,*

5 – OPINION AND ORDER

*Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Id.*

However, the Ninth Circuit has previously interpreted motions to amend to add parties under Rule 15 following denial of class certification as motions to intervene under Rule 24. *See Lidie v. State of Cal.,* 478 F.3d 552, 555 (9th Cir. 1973). The Ninth Circuit looks upon such motions less favorably than typical motions to amend. *Id.* ("where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted."). Here, Plaintiff again proceeds as if this Court never denied certification in arguing that courts routinely replace inadequate class representatives by allowing amendment. Despite these arguments, Plaintiff Barnhart is not a class representative. In light of my resolution of Plaintiff's Motion to Intervene under Rule 24(a)(2), above, Plaintiff's alternative motion to amend is denied on these grounds.

## CONCLUSION

For these reasons, Mr. Fery's Motion to Intervene under Rule 24(a)(2) and Plaintiff Barnhart's Motion to Amend, ECF No. 75, are DENIED. This action shall proceed based on Barnhart's individual claims.

IT IS SO ORDERED.

DATED this 4 day of May, 2016.

**Michael J. McShane**
**United States District Judge**

6 – OPINION AND ORDER